IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL WILLIAMS,**

       **Petitioner,**

   v.             CASE NO. 22-3081-SAC

**DON LANGFORD,**

       **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner proceeds pro se. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, the Court directs Respondent to file a limited Pre-Answer Response addressing the timeliness of this action.

**Background**

In 2012, a jury in Sedgwick County, Kansas, convicted Petitioner of first-degree premeditated murder. *Williams v. State*, 2018 WL 4939421, *1 (Kan. Ct. App. 2018) (*Williams II*), *rev. denied* July 22, 2019. The district court sentenced him to life imprisonment without the possibility of parole for 25 years. *State v. Williams*, 303 Kan. 585, 586 (Kan. 2016) (*Williams I*). Petitioner pursued a direct appeal and the Kansas Supreme Court (KSC) affirmed in an opinion issued on January 8, 2016. *Id.* at 604.

In October 2016, Petitioner filed in state district court a pro se motion under K.S.A. 60-1507, arguing that he received

ineffective assistance of counsel during the trial and the direct appeal. *Williams II*, 2018 WL 4939421, at *4. The state district court denied the motion and Petitioner appealed. *Id.* The Kansas Court of Appeals (KCOA) affirmed the denial and the KSC denied Petitioner's subsequent petition for review on July 22, 2019. *Id.* at *1, 15. On April 21, 2022, Petitioner filed in this Court the current § 2254 petition for writ of habeas corpus. (Doc. 1.)

**Timeliness**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date

the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Rules of the United States Supreme Court allow ninety days from the date of the conclusion of direct appeal to seek certiorari. Sup. Ct. R. 13(1). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [her] direct appeal, the one-year limitation period begins to run when the time for filing certiorari petition expires." *United States v. Hurst*, 322 F.3d 1259 (10th Cir. 2003). The limitation period begins to run the day after a conviction becomes final. See *Harris v. Dinwiddie*, 642 F.3d 902-07 n.6 (10th Cir. 2011).

The statute also contains a tolling provision:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

The one-year limitation period also is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, for example, "when an adversary's

conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

Finally, actual innocence can create an exception to the one-year time limitation. To qualify for the actual innocence exception, the prisoner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's direct review concluded when the KSC affirmed his conviction on January 8, 2016. Petitioner then had 90 days to seek review before the United States Supreme Court, but there is no indication that he did so. Thus, Petitioner's one-year federal habeas limitation period began to run on approximately April 10, 2016, the day after the 90 days expired.

Online records from the Kansas appellate courts reflect that Petitioner filed his first postconviction motion for relief under K.S.A. 60-1507 on October 20, 2016, tolling the one-year federal habeas limitation period. At that point, approximately 191 days of

the year had expired, leaving approximately 174 days remaining. Petitioner's 60-1507 proceedings concluded on July 22, 2019, when the KSC denied the petition for review.

In his petition, Petitioner refers to a second, related case he brought under K.S.A. 60-1507 in Sedgwick County District Court, case number 2019-CV-001283. But it is unclear from the documents now before the Court whether case number 2019-CV-001283 was "properly filed" such that it tolled the federal habeas statute of limitations or whether it otherwise affects the timeliness analysis. It is also unclear whether that matter is ongoing in the state court or has concluded.

Thus, the Court concludes that a limited Pre-Answer Response (PAR) is appropriate. *See Wood v. Milyard*, 566 U.S. 463, 467 (2012); *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008). Accordingly, the Court directs Respondent to file such a response limited to addressing the affirmative defense of timeliness under 28 U.S.C. § 2244(d). If Respondent does not intend to raise that defense, Respondent shall notify the Court of that decision in the PAR. Upon receipt of the PAR, the Court will continue to review the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, if necessary, the Court then will direct Petitioner to show good cause why his petition should not be dismissed.

**IT IS THEREFORE ORDERED** that Respondent is granted to and including June 24, 2022, in which to file a Pre-Answer Response that complies with this order.

**IT IS SO ORDERED.**

DATED:  This 24th day of May, 2022, at Topeka, Kansas.

                    S/ Sam A. Crow

                    SAM A. CROW
                    U.S. Senior District Judge