```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**MICHAEL WILLIAMS,**

                          **Petitioner,**

         v.                              CASE NO. 22-3081-SAC

**DON LANGFORD,**

                          **Respondent.**

<u>**MEMORANDUM AND ORDER TO SHOW CAUSE**</u>

    This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court has conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and it appears that this matter was not filed within the applicable statute of limitations. The Court ordered Respondent to file a limited Pre-Answer Response (PAR) addressing the timeliness of this action (Doc. 3) and Respondent has now done so (Doc. 5). After considering the PAR, it still appears that this matter was untimely filed. Therefore, the Court will direct Petitioner to show cause why the matter should not be dismissed as time-barred.

**Background**

    In 2012, a jury in Sedgwick County, Kansas, convicted Petitioner of first-degree premeditated murder. *Williams v. State*, 2018 WL 4939421, *1 (Kan. Ct. App. 2018) (*Williams II*), *rev. denied* July 22, 2019. The district court sentenced him to life imprisonment without the possibility of parole for 25 years. *State v. Williams*, 303 Kan. 585, 586 (Kan. 2016) (*Williams I*). Petitioner pursued a

direct appeal and the Kansas Supreme Court (KSC) affirmed. *Id.* at 604.

In October 2016, Petitioner filed in state district court a pro se motion under K.S.A. 60-1507, arguing that he received ineffective assistance from trial counsel and counsel during the direct appeal. *Williams II*, 2018 WL 4939421, at *4. The state district court denied the motion and Petitioner appealed. *Id.* The Kansas Court of Appeals (KCOA) affirmed the denial and the KSC denied Petitioner's subsequent petition for review. *Id.* at *1, 15.

On April 21, 2022, Petitioner filed in this Court his petition under 28 U.S.C. § 2254 for writ of habeas corpus. (Doc. 1.) He asserts four grounds for relief. First, he contends that he received ineffective assistance when trial counsel (1) failed to object on hearsay grounds during Detective Mumma's testimony; (2) "failed to proffer evidence and prepare [Petitioner] for trial"; (3) failed to call Deborah Weiss to testify; (4) failed to adequately investigate Petitioner's state of mind; (5) failed to obtain an expert witness on premeditation; and (6) failed to investigate or offer testimony Petitioner's phone records. *Id.* at 7.

As his second ground for relief, Petitioner asserts that he received ineffective assistance of appellate counsel because appellate counsel "failed to properly argue the *Brady* violation" and failed to argue that the trial court erred by failing to instruct the jury about "mental condition." *Id.* at 9.

As his third ground for relief, Petitioner asserts that his right to be present at all critical stages of the trial, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, was violated when he was not present when the

deliberating jurors made a request.[1] *Id.* at 10.

As his fourth ground for relief, Petitioner asserts he received ineffective assistance from post-conviction counsel when the attorney appointed to represent him during the 60-1507 appellate proceedings failed to notify Petitioner that the KSC had denied his petition for review.[2] *Id.* at 12, 16. As relief, Petitioner asks that this Court remand this matter to the state court for an evidentiary hearing on whether 60-1507 appellate counsel was ineffective and for a new trial on the murder charge. *Id.* at 18.

**Standard of Review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to undertake a preliminary review of the habeas petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, . . . the judge must dismiss the petition." *See* Rule 4. The Court has conducted the Rule 4 preliminary review and has identified the following deficiencies.

**Timeliness**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

---

[1] Petitioner also asserts a "statutory right" to be present at this point in the proceedings was violated, but he does not identify the statute that provides this right. (Doc. 1, p. 10.)

[2] Petitioner again refers to a "statutory right to the effective assistance of counsel" but does not identify the statute that provides this right. (Doc. 1, p. 12.)

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Harris v. Dinwiddie*, 642 F.3d 902-07 n.6 (10th Cir. 2011); *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The United States Supreme Court has held that direct review concludes when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Rules of the United States Supreme Court allow ninety days from the date of the conclusion of direct appeal in state courts for an individual to file in the United States Supreme Court a petition for writ of certiorari, which is a request for review by the United States Supreme Court. Sup. Ct. R. 13(1). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his or her] direct appeal, the one-year limitation period begins to run when the time for filing

certiorari petition expires." *United States v. Hurst*, 322 F.3d 1259 (10th Cir. 2003).

Petitioner's direct review concluded on January 8, 2016, when the KSC issued its opinion affirming Petitioner's conviction. Petitioner then had 90 days in which to file in the United States Supreme Court a petition for writ of certiorari, but there is no indication that he did so. Accordingly, on approximately April 10, 2016,[3] the day after the 90 days expired, the one-year period in which Petitioner could timely file a federal habeas petition began.

The federal habeas statute of limitations also contains a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Under this subsection, when Petitioner filed his 60-1507 motion in state district court on October 20, 2016[4], the one-year federal limitation period was tolled, or paused. At that point, approximately 191 days of the year had expired, leaving approximately 174 days remaining.

Petitioner's 60-1507 proceedings concluded on July 22, 2019, when the KSC denied the related petition for review, and the one-year federal limitation period began to run again. It expired approximately 174 days later, on January 14, 2020. But Petitioner

---

[3] In the PAR, Respondent asserts that the one-year period began on April 8, 2016. (Doc. 5, p. 4.) The timeliness of this matter does not rest on the resolution of this minor discrepancy, or others asserted by Respondent.

[4] This date is taken from the online records of the Kansas appellate courts for case number 118,539, which was Petitioner's appeal of the denial of his 60-1507. See https://pittsreporting.kscourts.org/Appellate/CaseDetails?caseNumber=118539. If Petitioner disputes this date, he may so inform the Court in his response to this order.

did not file his § 2254 petition in this Court until April 21, 2022, over 2 years after the time to do so had expired. Thus, the petition is untimely.

To his credit, Petitioner acknowledges and addresses the untimeliness of his petition. (Doc. 1, p. 12, 15-16.) He asserts that the counsel appointed to represent him in the 60-1507 appellate proceedings, Roger Falk, essentially abandoned him by failing to ever inform him that the KSC had denied his petition for review. Liberally construing this argument, as is appropriate because Petitioner proceeds in this matter pro se, it appears that Petitioner seeks equitable tolling of the federal habeas statute of limitations.

The one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Such circumstances include, for example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

The petition now before the Court asserts that the untimely filing of this matter is a result of Petitioner's counsel failing to inform him that the KSC denied the petition for review, the event after which the federal habeas statute of limitations resumed running. The petition does not, however, identify when Petitioner learned of the KSC's denial of the petition for review. In addition, the petition refers to "attached exhibits" consisting of "several letters" Petitioner wrote to counsel "asking about the status of the petition for review." (Doc. 1, p. 16.) While such letters conceivably might strengthen an argument for equitable tolling, this Court received no such attachments to the petition.

Petitioner identifies Sedgwick County Case No. 2019-CV-001283 as the "SOS 60-1507" he filed as soon as he discovered 60-1507 appellate counsel "had abandoned him." (Doc. 1, p. 14, 17.) But the online records of the Sedgwick County District Court reflect that the petition in Case No. 2019-CV-001283 was filed on June 21, 2019, which is before the KSC denied review of Petitioner's 60-1507 on July 22, 2019. Moreover, as Respondent points out in the PAR, Case No. 2019-CV-001283 was not filed by Petitioner; it was filed by a Michael C. Williams and relates to a different underlying criminal case, Case No. 15 CR 2651, in which Mr. Michael C. Williams pled guilty to second-degree murder and aggravated kidnapping. (Doc. 5, p. 5, 25-26.) Petitioner, on the other hand, was convicted of first-degree murder under case number 2011-CR-356, and his middle initial is "R." (Doc. 1, p. 1; Doc. 5, p. 21.) Thus, Case No. 2019-CV-001283 does not appear relevant to whether this federal habeas matter is timely. If Petitioner believes otherwise, he should address Case No. 2019-CV-001283 in his response to this order.

An exception to the one-year federal habeas limitation period applies in cases of actual innocence. To obtain the actual innocence exception to the federal habeas limitation period, Petitioner is not required to conclusively exonerate himself. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021). Rather, he must identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327).

If Petitioner wishes to assert the actual innocence exception, he must identify for the Court the "new reliable evidence" that was not presented at trial that he believes makes it "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."

**Conclusion**

As explained above, the petition currently before the Court was not timely filed and is subject to dismissal unless Petitioner can demonstrate grounds for additional statutory tolling or equitable tolling or demonstrate that the actual innocence exception to the limitation period applies. Therefore, the Court will direct Petitioner to show cause why his petition should not be dismissed as untimely. If Petitioner successfully does so, the Court will continue with its review of the petition as required by Rule 4 and issue any further orders as necessary. If Petitioner fails to

timely submit a response to this order, this matter will be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including July 11, 2022, in which to show cause, in writing, to the Honorable Sam. A. Crow, United States District Judge, why this matter should not be dismissed due to his failure to commence it within the one-year time limitation.

**IT IS SO ORDERED.**

DATED:  This 10th day of June, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge