IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL WILLIAMS,**

            **Petitioner,**

    v.                                                CASE NO. 22-3081-SAC

**DON LANGFORD,**

            **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. Petitioner, who is proceeding pro se, is a state prisoner incarcerated at Ellsworth Correctional Facility in Ellsworth, Kansas. This matter comes before the Court on Petitioner's response (Doc. 8) to the Court's Memorandum and Order to Show Cause (MOSC) (Doc. 7) directing Petitioner to show cause why this matter should not be dismissed due to his failure to commence it within the applicable one-year time limitation. For the reasons stated below, the Court will allow Respondent the opportunity to reply to Petitioner's response prior to the Court ruling on the timeliness issue. In addition, the Court will direct Petitioner to file, in writing, an update on the status of his state-court proceedings in case number 2021-CV-001144-IA, which is currently pending in Sedgwick County District Court.

**Background**

Petitioner filed his petition for federal habeas relief on

April 21, 2022. (Doc. 1.) Therein, he challenges his 2012 conviction in Sedgwick County, Kansas of first-degree premeditated murder, for which he was sentenced to life imprisonment without the possibility of parole for 25 years. Upon receiving the petition, the Court conducted the initial review required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. It then issued a Memorandum and Order directing Respondent to file a limited Pre-Answer Response (PAR) addressing the timeliness of this matter. (Doc. 3.)

Respondent filed the PAR on June 7, 2022 and asserted that this matter was untimely filed and no circumstances exist to justify equitable tolling of the statute of limitations. (Doc. 5.) After the Court reviewed the PAR, it issued a Memorandum and Order to Show Cause (MOSC) directing Petitioner to show-cause why the matter should not be dismissed as time-barred. (Doc. 7.)

Petitioner filed his response to the MOSC on July 7, 2022. (Doc. 8.) Petitioner concedes that his petition was filed outside of the statutory time limitation; he asserts that the deadline is subject to equitable tolling. As explained in the MOSC,

> The one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 12[1]7, 1220 (10th Cir. 2000). Such circumstances include, for example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period."

2

> *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

(Doc. 7, p. 6.)

The one-year federal habeas limitation period began to run in April 2016 and it was tolled on October 20, 2016, when Petitioner filed his first K.S.A. 60-1507 motion in Sedgwick County District Court. That motion was denied on August 3, 2017, and Petitioner appealed. In early September 2017, attorney Roger Falk was appointed to represent Petitioner during the appeal[1]; he entered his appearance on September 11, 2017. Petitioner's appeal to the Kansas Court of Appeals (KCOA) was unsuccessful, and on November 18, 2018, Petitioner (through Mr. Falk) filed a petition for review with the Kansas Supreme Court (KSC).

From this point on, however, Petitioner's response to the MOSC lends additional detail to the relevant timeline. Petitioner's response advises the Court that on February 20, 2019, in an unrelated case, Mr. Falk informed the Sedgwick County District Court that he needed to withdraw as counsel in that matter because of medical problems that affected his memory, among other things. (Doc. 8, p. 3.) Yet Mr. Falk did not withdraw from representing Petitioner in Petitioner's then-pending appeal. Nor did Mr. Falk inform Petitioner when the KSC denied his petition for review on July 22, 2019. Nor did Mr. Falk inform Petitioner when, on July 24, 2019,

---

[1] This information was obtained through the online records of the Sedgwick County District Court, case number 2016-CV-002407-IA.

Mr. Falk's attorney registration status changed to "disabled," a status that prevented Mr. Falk from practicing law in the state of Kansas. *See* Kansas S. Ct. R. 206(b)(1)-(2)[2].

In May 2020, remaining unaware that the KSC had denied the petition for review, Petitioner repeatedly attempted to contact Mr. Falk by mail about the status of his appeal. His final attempt was returned labeled "No Longer at this Address/Return to Sender." With no other contact address for Mr. Falk, Petitioner waited for Mr. Falk to contact him, but Mr. Falk never did. Well aware that proceeding through the courts takes time[3], Petitioner alleges he believed Mr. Falk would contact him when necessary.

In April 2021, Petitioner learned from another inmate that he could write to the Kansas Clerk of the Appellate Court for information about his appeal. He did so and received a docket sheet for his appeal on April 27, 2021, only then learning that his petition for review was denied in July 2019.

Two months later, on June 29, 2021, Petitioner filed a second K.S.A. 60-1507 motion[4] in Sedgwick County District Court, this time alleging ineffective assistance from Mr. Falk. The Sedgwick County District Court appointed counsel to represent Petitioner, and the matter is currently pending in the Sedgwick County District Court. The online registry of actions reflects that a status conference is scheduled for July 20, 2022 at 11:30 a.m.[5]

---

[2] Formerly cited as KS R DISC Rule 208.
[3] As Petitioner points out, his direct appeal took over 3 years from start to finish, so his experience supported the conclusion that litigation is not always quickly resolved. (Doc. 8, p. 23.)
[4] Due to the KSC's suspension of certain deadlines during the COVID-19 pandemic, Petitioner's second 60-1507 motion was timely filed, as Respondent concedes. (See Doc. 5, p. 5-6.)
[5] This information was obtained through the online records of the Sedgwick County

**Analysis**

Petitioner contends that the circumstances surrounding Mr. Falk's abandonment of him and his appeal justify equitable tolling of the time between the date of the KSC's denial of review in his first 60-1507 proceedings and the date on which he learned of the denial of review.[6]

The following dates are undisputed by the parties: The one-year federal habeas limitation period began to run on April 8, 2016, the day after the time to file a petition for writ of certiorari regarding Petitioner's direct appeal. (Doc. 5, p. 2; Doc. 8, p. 7.) It ran until October 20, 2016, when Petitioner filed his first 60-1507 motion. (Doc. 5, p. 2; Doc. 8, p. 8.) At that point, 195 days of the year had expired, leaving 170 days remaining. (Doc. 5, p. 4; Doc. 8, p. 8.) It was then statutorily tolled until July 22, 2019, when the KSC denied the petition for review. (Doc. 5, p. 3; Doc. 8, p. 8.) If the Court agrees with Respondent and declines to apply equitable tolling, the one-year federal habeas limitation period resumed after the KSC denied review and it expired on January 9, 2020. (Doc. 5, p. 5; Doc. 8, p. 8.)

If the Court agrees with Petitioner, however, the one-year federal habeas limitation period was equitably tolled from the KSC's denial of review until April 27, 2021, when Petitioner learned that the KSC had denied his petition for review. It then ran until Petitioner timely filed his second 60-1507 on June 29, 2021,

---

District Court, case number 2021-CV-001144-IA.
[6] Petitioner asserts that 28 U.S.C. § 2244(d)(2) operates to statutorily toll the one-year limitation period once his second 60-1507 motion was filed. (Doc. 8, p. 7, 12.)

5

approximately 63 days later. (Doc. 8, p. 22.) At that point, the one-year federal habeas limitation period was again statutorily tolled. *See* 28 U.S.C. § 2244(d)(2). The second 60-1507 remains pending and approximately 107 days remain in the one-year federal habeas limitation period.

The Court notes the second 60-1507 includes allegations that Mr. Falk provided allegedly ineffective assistance during the appeal from the denial of Petitioner's 60-1507 motion. The Sedgwick County District Court online docket reflects that a status conference is scheduled in that matter for July 20, 2022. Because those state-court proceedings may affect the federal habeas matter currently before this Court, Petitioner is directed to file on or before August 12, 2022, a written status report informing the Court of the current status of those proceedings.

In addition, the Court will defer ruling on the timeliness of this matter to allow Respondent to reply to Petitioner's response to the MOSC. Petitioner's thorough response clarifies the time period he asserts should be equitably tolled, develops additional arguments for equitable tolling, and provides information to support those arguments. In the interest of fairness, the Court will allow Respondent until and including August 12, 2022 to reply in writing to Petitioner's response. If, in light of Petitioner's response, Respondent no longer wishes to assert the affirmative defense of timeliness, he should so inform the Court in writing on or before the deadline for the reply.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and

including August 12, 2022, to file a status report with this Court providing the information identified in this order.

**IT IS FURTHER ORDERED** that Respondent is granted to and including August 12, 2022, to file a reply to Petitioner's response (Doc. 8) to the Court's Memorandum and Order to Show Cause regarding timeliness.

**IT IS SO ORDERED.**

DATED:  This 12th day of July, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge