**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MICHAEL WILLIAMS,**

                **Petitioner,**

     v.                                 **CASE NO. 22-3081-SAC**

**DON LANGFORD,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. It comes before the Court on Petitioner's motion to appoint counsel and for discovery. (Doc. 10.)

Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). A court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

At this early stage in the proceedings[1], the Court concludes that it is not in the interest of justice to appoint counsel. It is not enough to assert that appointing counsel will help present the "strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). Petitioner has ably articulated his habeas claims, which do not appear to need additional investigation at this time, and which are not of unusual complexity.

Petitioner also moves the Court to allow discovery, and he asserts that counsel is necessary to help with discovery since Petitioner is currently incarcerated. (Doc. 10, p. 1.) Petitioner asserts that discovery would assist him in proving the timeliness of this matter and would provide evidence that support the merits of his grounds for habeas relief. *Id.* at 2.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Curtis v. Chester*, 626 F.3d 540, 549 (10th Cir. 2010) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1977)). Under Habeas Rule 6, the Court may permit discovery if Petitioner shows "good cause" and, "if necessary for effective discovery, the judge must appoint an attorney for a petitioner" who is financially unable to retain counsel. But "[g]enerally speaking, federal habeas review is limited to the record that was before the state court that adjudicated the claim on the merits." *Simpson v. Carpenter*, 912

---

[1] If this action develops in a way that requires counsel to be appointed, the Court may do so at a later date. For example, if discovery later is authorized in this matter, the Court may reconsider whether appointment of counsel is appropriate. *See* Rules Governing § 2254 Cases, Rule 6, 28 U.S.C.A. foll. § 2254. Similarly, if an evidentiary hearing is warranted, the Court may consider appointment of counsel. *See* Rules Governing § 2254 Cases, Rule 8, 28 U.S.C.A. foll. § 2254. Currently, however, the Court is merely conducting a preliminary review of this matter under Rule 4.

F.3d 542, 575 (10th Cir. 2018) (internal quotation marks and citations omitted).

The Court has allowed Respondent time to reply to the timeliness arguments Petitioner made in his response to the Court's show-cause order on the issue. (See Doc. 9.) Thus, at this time, there is no need for Petitioner to conduct discovery related to the timeliness issue. As for Petitioner's desire to conduct discovery related to the merits of his underlying claims in this matter, because a federal court conducting habeas review of a state court's ruling generally is limited to the record that was before the state court, there is no current need to enlarge the record through additional discovery. Thus, the Court will deny the motion to appoint counsel and for discovery (Doc. 10) without prejudice to Petitioner refiling it at a later time if the relevant circumstances change.

**IT IS THEREFORE ORDERED** that Petitioner's motion to appoint counsel and for discovery (Doc. 10) is **denied without prejudice**.

**IT IS SO ORDERED**.

DATED:  This 15th day of July, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge