**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MICHAEL WILLIAMS,**

      **Petitioner,**

   v.            CASE NO. 22-3081-SAC

**DON LANGFORD,**

      **Respondent.**

### MEMORANDUM AND ORDER

  This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner Michael Williams, who is proceeding pro se, is a state prisoner incarcerated at Ellsworth Correctional Facility in Ellsworth, Kansas. Petitioner challenges his 2012 conviction of first-degree premeditated murder, raising four grounds for relief.

  First, he contends that he received ineffective assistance from his trial counsel. (Doc. 1, p. 7.) In Ground Two, Petitioner asserts that he received ineffective assistance of appellate counsel because appellate counsel "failed to properly argue the *Brady* violation" and failed to argue that the trial court erred by failing to instruct the jury about "mental condition." *Id.* at 9. In Ground Three, Petitioner asserts that his right to be present at all critical stages of the trial, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, was violated when he was not present when the deliberating jurors made

1

a request. *Id.* at 10. In Ground Four, Petitioner asserts he received ineffective assistance from post-conviction counsel when the attorney appointed to represent him during the 60-1507 appellate proceedings failed to notify Petitioner that the KSC had denied his petition for review. *Id.* at 12, 16.

On August 17, 2022, the Court issued a memorandum and order (M&O) noting that to the extent that Ground Four is intended to raise a substantive basis for relief, it is barred by federal statute. (Doc. 14, p. 9.) The M&O also explained that Grounds Two and Three appear unexhausted but it is unclear whether avenues remain in state court for Petitioner to raise those claims at this time. *Id.* at 10-11. If such avenues do exist, the action now before this Court is a mixed petition, meaning that it contains exhausted and unexhausted claims and state court remedies remain available for the unexhausted claims. *See Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018).

The M&O therefore identified the options for a federal district court faced with a mixed petition, two of which appeared most appropriate in this case: staying the federal matter and holding it in abeyance while the petitioner exhausts state court remedies; or allowing the petitioner to delete the unexhausted claims and proceed only on the exhausted claims. (Doc. 14, p. 11.) After explaining some of the consequences of the options, the Court directed Petitioner to advise the Court in writing, which he preferred. *Id.* Petitioner advised that he preferred a stay of these proceedings so he could exhaust state court remedies. (Doc. 15.)

Accordingly, on September 14, 2022, the Court stayed this

matter and directed Petitioner to file a written status report on or before October 14, 2022. (Doc. 16.) In the order staying this matter, the Court noted that Petitioner "has a K.S.A. 60-1507 matter currently proceeding in the state courts that may exhaust some or all of his currently unexhausted claims." *Id.* at 1. Petitioner has now filed a status report informing the Court that the state district court has ruled in his 60-1507 proceeding and denied relief; Petitioner therefore believes that the matter is resolved in the state court. (Doc. 18.)

Prior to his status report, Petitioner notified the Court that he wishes to delete Ground Three of his petition, so Ground Three is no longer of concern. (*See* Doc. 17.) However, it appears from the status report and the attached state district court order that the sole issue in Petitioner's recent 60-1507 matter may have been whether Mr. Falk's failure to notify Petitioner that his state appeal had concluded constituted ineffective assistance of counsel. If that is an accurate understanding, the conclusion of the 60-1507 matter has not affected Petitioner's failure to exhaust state court remedies on Ground Two, which is based on alleged ineffective assistance of appellate counsel.

As previously explained, the Court is unaware of any avenue remaining in the state courts for Petitioner to assert ineffective assistance of direct-appeal counsel. (*See* Doc. 14, p. 10-11.) Generally, the ineffective assistance of counsel on direct appeal is raised through a timely motion under K.S.A. 60-1507. As noted in the M&O, however, the arguments now in Ground Two were not included in Petitioner's K.S.A. 60-1507 proceeding. (*See* Doc. 14, p. 10-11.)

3

K.S.A. 60-1507(c) states: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." If Petitioner returned to state court to file another 60-1507 motion to pursue the issues raised in Ground Two, it would be procedurally barred as a successive motion for similar relief on Petitioner's behalf.

Where a petitioner fails to present a claim in the state courts, and would be procedurally barred from presenting it if he returned to state court, there is an anticipatory procedural bar, or default, which prevents the federal court from addressing the claim. *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007). A petitioner's unexhausted claim that is barred by procedural default cannot be considered in habeas corpus unless he establishes cause and prejudice for his default of state court remedies or establishes a fundamental miscarriage of justice. *Gray v. Netherland*, 518 U.S. 152, 162 (1996).

To demonstrate cause for the procedural default, petitioner must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [petitioner.]" *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). A petitioner also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750. If a petitioner

4

fails to demonstrate cause, the Court need not consider whether he can establish prejudice. *See Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995).

A procedural default also may be excused if a petitioner can show that the failure to consider the defaulted claim would result in a fundamental miscarriage of justice. To proceed under this exception, a petitioner "must make a colorable showing of factual innocence." *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000). A petitioner seeking relief under a defaulted claim and asserting a claim of innocence must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.' " *House v. Bell*, 547 U.S. 518, 536-37 (2006)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Accordingly, the Court will direct Petitioner to advise the Court, in writing, whether his most recent 60-1507 proceeding raised the arguments contained in Ground Two of his current federal habeas petition. If so, Petitioner must appeal the denial of relief in that matter in order to exhaust state court remedies or choose to delete Ground Two and proceed only on Ground One.

If the most recent 60-1507 proceeding did *not* involve the claims now made in Ground Two, Petitioner must show either (1) that there remains an available state court remedy for those claims that he intends to pursue or (2) that his procedurally defaulted claims in Ground Two should be considered under either the cause and prejudice test or the fundamental miscarriage of justice test. Upon receipt of the response to this order, the Court will issue further

5

orders as necessary.

**IT IS THEREFORE ORDERD** that Petitioner is granted to and including October 24, 2022, in which to provide, in writing, the information identified in this order.

**IT IS SO ORDERED.**

DATED:  This 3rd day of October, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge