IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL WILLIAMS,

                              Petitioner,

          v.                                          CASE NO. 22-3081-JWL

DON LANGFORD,

                              Respondent.

**NOTICE AND ORDER TO SHOW CAUSE**

Petitioner and state prisoner Michael Williams filed his pro se petition for writ of habeas corpus in this matter on April 21, 2022. (Doc. 1.) After determining that the petition was timely filed, the Court examined the petition, which contained four grounds for relief, as required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. (*See* Doc. 14.) Ground One alleges the denial of Petitioner's constitutional right to effective assistance of trial counsel. (Doc. 1, p. 7.) Ground Two alleges the denial of Petitioner's constitutional right to effective assistance of appellate counsel. *Id.* at 9. Ground Three alleges the denial of Petitioner's constitutional right to be present at all critical stages of his trial. *Id.* at 10. Ground Four alleges the ineffective assistance of postconviction counsel. *Id.* at 12.

The Court concluded that Ground Four failed to state a claim on which federal habeas relief can be granted and that Grounds Two and Three appeared unexhausted. (Doc. 14.) With respect to Ground Two, although Petitioner had raised ineffective assistance of direct appeal counsel in his first K.S.A. 60-1507 proceeding in state district court, the district court denied relief and, on appeal, Petitioner appeared to restrict his arguments to the ineffective assistance of *trial* counsel. *See*

1

*Williams v. State*, 2018 WL 4939421, *4-5 (Kan. Ct. App. 2018), *rev. denied* July 22, 2019. Petitioner later advised the Court that he wished to delete Ground Three, so Ground Three is no longer at issue. (Doc. 17.)

At Petitioner's request, the Court stayed this matter on September 14, 2022 pending resolution of a second K.S.A. 60-1507 proceeding. (Doc. 16.) That proceeding, which was filed under case number 21CV1144 in the District Court of Sedgwick County, Kansas, appeared to provide an avenue by which Petitioner could exhaust the arguments contained in Ground Two of his federal habeas petition. (Doc. 16.) Petitioner later provided additional information to the Court, however, that seemed to reveal that case number 21CV1144 did not involve the assertions made in Ground Two. (Doc. 18.) Accordingly, on October 3, 2022, this Court directed Petitioner to either identify another procedural avenue by which he could exhaust those arguments in the state courts or show cause why this Court should consider them despite the procedural default. (Doc. 19.)

Petitioner then advised the Court that he intended to file in the Kansas Court of Appeals (KCOA) a motion to recall the mandate in the appeal of his first 60-1507 proceeding, which was case number 118,539. (Doc. 21.) Theoretically speaking, if Petitioner were able to reopen that case, it could potentially provide an avenue by which he could again argue to the KCOA the ineffectiveness of direct appeal counsel and thereby exhaust the arguments in Ground Two of his current federal habeas petition. In light of that information, this Court continued the stay of this federal habeas matter and directed Petitioner to file a status report updating this Court on the progress of his motion to recall mandate. (Doc. 22.)

On January 11, 2023, Petitioner advised the Court that the KCOA had denied his motion on December 12, 2022, but he had only learned of the denial in a letter dated December 27, 2022. (Docs. 25 and 25-1.) Petitioner further informed this Court that he intended to file a petition for review of the denial in the Kansas Supreme Court (KSC). (Doc. 25.) This Court then directed

Petitioner to

> file a copy of the order denying the motion to recall mandate as soon as possible after he receives the same from the Kansas state courts. In addition, the Court will direct Petitioner to file a written status report on or before April 11, 2023, advising the Court of the status of his state court proceedings. In the meantime, if Petitioner decides not to file a petition for review or if he files a petition for review and the Kansas Supreme Court denies or dismisses it, Petitioner should so notify this court, by written status report, as soon as possible. Once Petitioner's state court proceedings are concluded, this Court will issue further orders in this matter as necessary.

(Doc. 26.)

On February 17, 2023, Petitioner filed his most recent status report. (Doc. 28.) As requested by the Court, Petitioner included with his status report a copy of the KCOA order denying his motion to recall the mandate. *Id.* at 2. He advises the Court that he "will issue another request to Recall the Mandate at the Kansas Supreme Court level." *Id.* at 1.

A review of the online records of the Kansas appellate courts reflects that there has been no activity in appellate case number 118,539 since the December 12, 2022 order denying Petitioner's motion to recall the mandate. Thus, it appears that despite knowing since at least January 11, 2023 that the KCOA denied the motion to recall the mandate, Petitioner has taken no further action in the state courts. Moreover, it does not appear that any procedural avenue remains by which Petitioner may seek to withdraw the mandate in that action.

Kansas Supreme Court Rule 8.03(a) provides that the way to seek review of a decision by the KCOA, including an order, is a petition for review. There is no indication that a party aggrieved by a decision by the KCOA may file an independent motion seeking the same relief in the Kansas Supreme Court. Moreover, Kansas Supreme Court Rule 8.03(b) provides that a petition for review must be filed "[n]o later than 30 days after the date of the decision of the Court of Appeals" and that "[t]he 30-day period for filing a petition for review is jurisdictional and cannot be extended." Because more than 30 days have passed since the KCOA's order denying the motion to recall the

3

mandate in appellate case number 118,539, it appears that the order is now final and is not subject to further review in the state appellate courts. In other words, the possibility that Petitioner may raise additional arguments related to the ineffective assistance of direct appeal counsel in that matter appears foreclosed. The stay of this federal habeas matter, which was based on that possibility, is no longer required and the Court will direct that the stay be lifted.

As explained above and in previous orders of this Court, it appears that the arguments in Ground Two of the current federal habeas petition were not presented to the state courts and there no longer remains a procedural avenue by which Petitioner may do so. Thus, there is an anticipatory procedural bar that generally prevents this Court from addressing those arguments on their merits. *See Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007). Petitioner may overcome this anticipatory procedural bar by making one of two showings.

First, he may show cause and prejudice. To do so, Petitioner must demonstrate sufficient cause for his failure to raise the arguments in state court in a procedurally appropriate manner *and* he must demonstrate that he suffered actual prejudice as a result of the alleged violation of federal law. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate cause for the procedural default, Petitioner must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray*, 477 U.S. at 488. "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [petitioner.]" *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).

The United States Supreme Court has explained that in order for ineffective assistance of counsel to constitute "cause" that excuses a procedural default, "the assistance must have been so ineffective as to violate the Federal Constitution. In other words, ineffective assistance adequate to

4

establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim" which "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). Thus, for Petitioner to use the alleged ineffective assistance of counsel in his first 60-1507 proceeding—based on a failure to challenge on appeal the effectiveness of direct appeal counsel—as cause to excuse his procedural default, Petitioner must have argued to the KCOA that counsel in his first 60-1507 proceeding was ineffective for failing to argue that direct appeal counsel was ineffective. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a) ("In all appeals from criminal convictions or post-conviction relief on or after July 1, 2018, . . . when a claim has been presented to the Court of Appeals and relief has been denied, the party is deemed to have exhausted all available state remedies.") Although the procedural history of this matter is clearly complex, there does not appear to be any indication that Petitioner has done so.

As an alternative to showing cause and prejudice, Petitioner may demonstrate that a "fundamental miscarriage of justice" will occur if this Court does not consider his claims. *See Coleman*, 501 U.S. 722; *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). To proceed under this exception, a petitioner "must make a colorable showing of factual innocence." *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000). "This exception to the general rule barring consideration of defaulted claims "is a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (brackets and internal quotation marks omitted). A petitioner seeking relief under a procedurally defaulted claim and asserting a claim of innocence must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.' " *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Even liberally construing Petitioner's current filings, he has not shown the cause and prejudice required for the Court to consider the merits of his procedurally defaulted arguments, nor has he shown that a fundamental miscarriage of justice will occur if the Court declines to address the merits of the arguments he makes in Ground Two of his federal habeas petition. The Court will grant Petitioner the opportunity, however, to show cause, in writing, why this Court should consider the merits of the arguments made in Ground Two despite the anticipatory procedural bar to doing so.

**IT IS THEREFORE ORDERED** that the stay of this matter is **lifted**.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including March 24, 2023, in which to show, in writing, why the Court should consider the merits of Ground Two despite Petitioner's procedural default of the arguments therein.

**IT IS SO ORDERED.**

DATED:   This 22nd day of February, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge