IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL WILLIAMS,

Petitioner,

v.                                                        CASE NO. 22-3081-JWL

DON LANGFORD,

Respondent.

## MEMORANDUM AND ORDER

Petitioner and state prisoner Michael Williams filed his pro se petition for writ of habeas corpus in this matter on April 21, 2022. (Doc. 1.) After determining that the petition was timely filed, the Court examined the petition, which contained four grounds for relief, as required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. (*See* Doc. 14.)

The Court concluded that Ground Four failed to state a claim on which federal habeas relief can be granted and that Grounds Two and Three appeared unexhausted. (Doc. 14.) Petitioner later advised the Court that he wished to delete Ground Three, so Ground Three is no longer at issue. (Doc. 17.) Ground Two alleges the denial of Petitioner's constitutional right to appellate counsel. (Doc. 1, p. 9.) With respect to Ground Two, although Petitioner raised ineffective assistance of direct appeal counsel in his first K.S.A. 60-1507 proceeding in state district court, the district court denied relief and, on appeal, Petitioner restricted his ineffective-assistance-of-counsel arguments to *trial* counsel. *See Williams v. State*, 2018 WL 4939421, *4-5 (Kan. Ct. App. 2018), *rev. denied* July 22, 2019.

As part of the Rule 4 review, this Court considers whether the claims in a federal habeas petition are exhausted. *See Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) ("'A threshold

1

question that must be addressed in every habeas case is that of exhaustion.'") (citation omitted); *Pavatt v. Carpenter*, 923 F.3d 906, 924 n.7 (10th Cir. 2019) (noting that courts have the authority to consider exhaustion of state remedies sua sponte). Because Ground One of Petitioner's federal habeas petition appeared exhausted but Ground Two did not, the petition was what is referred to as a "mixed petition," meaning that it contains both exhausted and unexhausted claims. *See Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018). If it appears that state remedies may remain available for the unexhausted claims, a federal court has multiple options.

Thus, on August 17, 2022, this Court ordered Petitioner to inform the Court whether he wished to (1) delete the unexhausted grounds for federal habeas relief or (2) ask the Court to stay this matter and hold it in abeyance while he exhausted state-court remedies. (Doc. 14.) At Petitioner's request, the Court stayed this matter on September 14, 2022 pending resolution of a second K.S.A. 60-1507 proceeding that appeared to provide an avenue by which Petitioner could exhaust the arguments contained in Ground Two of his federal habeas petition. (Doc. 16.) Ultimately, however, that proceeding did not involve the arguments made in Ground Two. (Doc. 18.) Accordingly, on October 3, 2022, this Court directed Petitioner to either identify another procedural avenue by which he could exhaust those arguments in the state courts or show cause why this Court should consider them despite the procedural default. (Doc. 19.)

Petitioner then advised the Court that he intended to file in the Kansas Court of Appeals (KCOA) a motion to recall the mandate in the appeal of his first 60-1507 proceeding. (Doc. 21.) Theoretically speaking, if Petitioner were able to reopen that case, it could potentially provide an avenue by which he could argue to the KCOA the ineffectiveness of direct appeal counsel and thereby exhaust the arguments in Ground Two of his current federal habeas petition. In light of that information and because this Court cannot predict litigants' success in the state courts, this

Court continued the stay of this federal habeas matter and directed Petitioner to file a status report updating this Court on the progress of his motion to recall mandate. (Doc. 22.)

On January 11, 2023, Petitioner advised the Court that the KCOA had denied his motion on December 12, 2022, but he had only learned of the denial in a letter dated December 27, 2022. (Docs. 25 and 25-1.) Petitioner further informed this Court that he intended to file a petition for review of the denial in the Kansas Supreme Court (KSC). (Doc. 25.) This Court then directed Petitioner to file a status report containing certain information about the state appellate court proceedings. (Doc. 26.)

On February 17, 2023, Petitioner filed a status report, including a copy of the KCOA order denying his motion to recall the mandate, and he advised the Court that he "will issue another request to Recall the Mandate at the Kansas Supreme Court level." (Doc. 28.) The Court reviewed the online records of the Kansas appellate courts, which reflected that there had been no activity in the relevant case since the December 12, 2022 order denying Petitioner's motion to recall the mandate. Thus, it appeared that Petitioner had taken no further action in the state courts. Moreover, it does not appear that any procedural avenue remains by which Petitioner may seek to withdraw the mandate in that action.

When arguments raised in a federal habeas petition were not and now cannot be exhausted in the state courts, an anticipatory procedural bar applies and generally prevents the federal court from considering the merits of those arguments. Applied to this case, because the arguments in Ground Two were not and now cannot be presented to the KCOA, this Court must follow the general rule that it cannot consider them as a basis for federal habeas relief unless Petitioner demonstrates that he is entitled to one of the rare exceptions to that rule. *See Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007). Accordingly, this Court issued a notice and order to

show cause (NOSC) lifting the stay of this matter, setting forth the applicable law on anticipatory procedural bars, and directing Petitioner to show cause why this Court should consider the merits of Ground Two despite the anticipatory procedural bar that applies to the arguments raised therein. (Doc. 29.) This matter comes before the Court on Petitioner's response to the NOSC. (Doc. 30.)

Petitioner does not dispute this Court's understanding that there no longer exists a procedural avenue by which he could raise his Ground Two claims to the KCOA. He also does not assert that he has ever argued the merits of those claims to the KCOA. Thus, in order for this Court to consider the merits of Ground Two as a possible basis for federal habeas relief, Petitioner must overcome the anticipatory procedural bar by either showing cause and prejudice or showing a fundamental miscarriage of justice.

As explained in the NOSC, to show cause and prejudice, Petitioner must demonstrate sufficient cause for his failure to raise the arguments in state court in a procedurally appropriate manner *and* he must demonstrate that he suffered actual prejudice as a result of the alleged violation of federal law. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). In this context, "cause" is some objective factor external to the defense that impeded Petitioner's ability to raise the Ground Two arguments on appeal from the denial of Petitioner's first 60-1507 motion. *See Murray*, 477 U.S. at 488. In the alternative, Petitioner may demonstrate that a "fundamental miscarriage of justice" will occur if this Court does not consider his claims despite the anticipatory procedural bar. *See Coleman*, 501 U.S. 722; *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). To proceed under this exception, he "must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *See House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

4

Even liberally construing the response, as is appropriate since Petitioner proceeds pro se, it fails to make either showing. Petitioner devotes a large portion of his response to asserting that he did not get a fair opportunity to file a petition for review of the KCOA's order denying his motion to recall the mandate in his first 60-1507 proceeding, based on the timing of his learning that the motion had been denied, and the limitations he suffers as a prisoner. (Doc. 30, p. 1-5.) He also alleges that the KCOA erred by denying his motion to recall the mandate and he contends that "if the state's procedural bar prevents federal court[s] from reviewing the issue . . . it stands to reason that the state's procedural bar is reviewable to determine whether the state's procedural bar itself was unreasonably decided." *Id.* at 4-5.

But the Tenth Circuit prohibits this Court from considering whether the KCOA erred by denying the motion to withdraw mandate. "A federal habeas court does not have license to question . . . whether the state court properly applied its own law." *Finlayson v. State*, 6 F.4th 1235, 1240 n.6 (10th Cir. 2021). Moreover, the KCOA's recent denial of the motion is not the only reasons Petitioner did not present the arguments in Ground Two to the KCOA. Petitioner made the arguments now in Ground Two to the state district court in his first 60-1507 motion and could have properly raised them to the KCOA in the ensuing appeal. Had he done so at that time and had the KCOA rejected those argument on their merits, the claims would be exhausted for purposes of federal habeas review. But he did not do so and, in his response, he does not articulate sufficient cause for his failure to do so, nor does he make a colorable claim that he is factually innocent of the first-degree premeditated murder of which he was convicted in 2012.

Petitioner contends that this Court should not consider the procedural default of Ground Two. (Doc. 30, p. 6-7.) Petitioner asserts that when he raised the Ground Two arguments to the state district court in his first 60-1507 motion, the State did not raise the affirmative defense of

exhaustion; rather, the State argued that res judicata prevented the state district court from addressing the merits of the arguments. Petitioner now asserts to this Court that the State's reliance on res judicata should prevent this Court from finding that the Ground Two arguments are procedurally defaulted for federal habeas purposes.

But the question now at hand is whether the claim of ineffective assistance of direct-appeal counsel has been procedurally defaulted for purposes of this federal habeas matter. Exhaustion, as that concept is used in the context of federal habeas proceedings by individuals who are in custody under a conviction that occurred in a state court and a sentence imposed by a state court, requires a litigant to raise arguments to the state appellate courts before they can be raised in a federal habeas petition. There is no way that the State could have argued during the state district court proceedings on Petitioner's first 60-1507 motion that Petitioner had failed to comply with federal habeas exhaustion requirements, nor would such an argument have been appropriate. The opportunity for exhaustion had not yet occurred because Petitioner had not yet been denied relief on the arguments by the state district court.

Put another way, the State had no obligation to make any arguments in the state court related to the exhaustion requirements involved in this federal habeas proceeding, nor did the State's invocation of res judicata somehow waive the exhaustion requirement that now exists for Petitioner in this federal habeas matter. In support of his argument that this Court should overlook the anticipatory procedural bar, Petitioner directs the Court's attention to *D'Ambrosio v. Bagley*, 2006 WL 1169926 (N.D. Ohio March 24, 2006) (memorandum and order). Even after a careful review of that order, *D'Ambrosio* does not persuade the Court to overlook the procedural default of Ground Two in this matter.

First, case law from other federal district courts may be persuasive, but it is not binding

upon this Court, and *D'Ambrosio* was decided by the United States District Court for the Northern District of Ohio, Eastern Division. Second, the law on which *D'Ambrosio* rested materially differs from the controlling law by which this Court is bound. For example, in *D'Ambrosio*, the federal district court independently examined whether the petitioner received unconstitutionally defective assistance of counsel because, if he had, that could constitute cause to excuse his procedural default. 2006 WL 1169926, at *15. In the Tenth Circuit, as the NOSC explained to Petitioner, in order for ineffective assistance of counsel to constitute cause to excuse the procedural default of another claim, the claim of ineffective assistance must have been exhausted in the state courts; in other words, the merits of the ineffective-assistance claim must have been presented to the KCOA. (Doc. 29, p. 4-5.)

Third, and similarly, although the *D'Ambrosio* court declined to analyze exhaustion where the respondent had not raised it, see 2006 WL 1169926, at *13 n.8, this Court does not follow that practice. The United States Supreme Court has explained that where a respondent fails to raise the affirmative defense of exhaustion, federal "district courts are permitted, but not obliged," to sua sponte consider affirmative defenses to a federal habeas petition such as timeliness, exhaustion, and procedural bars. *Day v. McDonough*, 547 U.S. 198, 209 (2006). This Court routinely screens for exhaustion as part of its statutorily required review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Finally, at this point in these proceedings, Respondent has not yet been directed to file an answer to the petition, so the question of whether Respondent would or would not raise exhaustion or procedural default as an affirmative defense in the current federal habeas matter is unanswered.

Moreover, the State's arguments in the state-court proceedings do not bear as much weight on the issue of the anticipatory procedural bar, or procedural default, as Petitioner appears to

believe. Simply put, the question before this Court is whether Petitioner made to the KCOA the same arguments he now raises in Ground Two: that his direct-appeal counsel was unconstitutionally ineffective for "fail[ing] to properly argue the *Brady* violation" and for "fail[ing] to raise abuse of discretion from the trial judge in failing to instruct the jury on mental condition as it was a critical part of Mr. Williams['] theory of defense." (See Doc. 1, p. 9.) Petitioner did not.

He raised it to the district court in his 60-1507 proceeding, but he did not pursue those arguments during his appeal to the KCOA from the denial of his 60-1507 motion. And, at this point, there does not appear to be a procedural avenue by which Petitioner could properly raise the ineffective assistance of direct-appeal counsel to the state courts. Accordingly, as explained in the NOSC, this Court may not consider the merits of Ground Two unless Petitioner shows the required cause for the default and the required prejudice or shows that a fundamental miscarriage of justice will occur if this Court does not consider the merits of Ground Two.

The response does neither. Even to the extent that the response can be liberally construed to assert that the State's actions in state-court proceedings were the cause of Petitioner's failure to raise the relevant argument to the KCOA in the appeal from the denial of his first 60-1507 motion, that argument is not persuasive. Regardless of the State's arguments in the state district court, Petitioner could have included in his briefing to the KCOA the argument that his direct-appeal counsel was ineffective. He did not do so. He has not identified any objective factor external to the defense which impeded his ability to comply with the state's procedural rule. *See Murray*, 477 U.S. at 488. Nor has he shown that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.' " *See House*, 547 U.S. at 536-37 (citation omitted). Accordingly, the Court concludes that it may not consider the

merits of the procedurally defaulted arguments in Ground Two of this federal habeas matter.

The Court has conducted and completed the initial review of the petition required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and finds that:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and

2. Petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas with respect to the arguments made in Ground One of his petition.

3. Ground Two of the petition is subject to an anticipatory procedural bar and Petitioner has failed to show the required cause and prejudice or that a fundamental miscarriage of justice will occur if the Court does not consider the merits of the arguments therein. Thus, the Court may not consider the merits of the arguments in Ground Two.

4. Petitioner has withdrawn Ground Three of the petition.

5. Ground Four of the petition fails to state a claim upon which federal habeas relief can be granted. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

**IT IS THEREFORE ORDERED**

1. That pursuant to Rule 5 of the Rules Governing Section 2254 Cases, Respondent shall file an answer on or before April 24, 2023 showing why the writ should not be granted based on the arguments in Ground One of the petition and attachments thereto.

2. That the answer should present:

    a.   The necessity for an evidentiary hearing on Ground One as alleged in Petitioner's pleading;

    b.   Whether any argument in Ground One is barred by a statute of limitations, the failure to exhaust state remedies, or any other procedural bar; and

    c.   An analysis of Ground One and any cases and supporting documents relied upon by Respondent in opposition to the same.

Respondent shall cause to be forwarded to this Court for examination and review the records and transcripts, if available, of the criminal proceedings complained of by Petitioner. If a direct appeal of the judgment and sentence of the trial court was taken by Petitioner, Respondent shall furnish the records, or copies thereof, of the appeal proceedings and any subsequent postconviction proceedings.

3.   That upon the termination of the proceedings herein, the clerk of this Court will return to the clerk of the proper state court all state court records and transcripts.

4.   That Petitioner be granted to and including May 24, 2023 to file a traverse thereto, admitting or denying, under oath, all factual allegations therein contained.

5.   That the clerk of this Court then return this file to the undersigned for such other and further proceedings as may be appropriate; and that the clerk of this Court transmit copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:   This 24th day of March, 2023, at Kansas City, Kansas.

                        S/ John W. Lungstrum
                        JOHN W. LUNGSTRUM
                        United States District Judge